**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MELISSA ANN FIELDS,

        Plaintiff,

v.                            CIVIL ACTION NO.  2:11-cv-00113

PERFORMANCE FOODS CORPORATION, et al.,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

Pending before the court is Performance Foods Corp.'s Motion to Dismiss [Docket 4].  For the reasons explained below, the motion is **DENIED**.

**I. Background**

The plaintiff, Melissa Ann Fields, worked for the defendant, Performance Foods Corp., at the defendant's Long John Silver's restaurant in Ripley, West Virginia.  On the night of  January 28, 2009, restaurant manager Jonathon Taylor allegedly instructed the plaintiff to close and lock one of the doors at the end of her shift.  According to the plaintiff, the Performance Foods management and the employees knew that this specific door was "broken, unsafe and not functioning properly." (Compl. [Docket 1-1] ¶ 9.)  Nevertheless, the plaintiff followed orders and attempted to close and lock the door.  While doing so, the plaintiff's "left ring finger was completely amputated by a malfunctioning portion of the door." (*Id.* ¶ 10.)  As a result of her injuries, the plaintiff claims she has suffered, *inter alia*,  bodily injury and mental pain and suffering, incurred loss of wages, loss of earning capacity, loss of ability to perform household services, and loss of enjoyment of life.

The plaintiff alleges that her injuries are the result of specific unsafe working conditions. Specifically, the plaintiff alleges that she was required to close and lock a malfunctioning and defective restaurant door that violated OSHA standards and other approved safety statutes and codes. The defendants, the plaintiff alleges, were fully aware of the dangerous door condition, and had been for months prior to accident.

On January 25, 2011, the plaintiff filed a claim pursuant to West Virginia Code § 23-4-2(d)(2)(ii) in the Circuit Court of Jackson County, West Virginia, alleging deliberate intention. Defendant Performance Foods removed this case to federal court on February 17, 2011 on the grounds of diversity jurisdiction. On February 23, 2011, Performance Foods filed the pending motion to dismiss arguing that the plaintiff failed to plead any factual allegations necessary to state a claim under the deliberate intent statute.

## II. Standard of Review

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a

motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").  A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable.  *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The *Iqbal* court suggested a two-pronged inquiry to determine if the complaint survives a motion to dismiss as set forth by *Iqbal*, which I will follow here.  First, I will identify any pleadings that are not entitled to the assumption of truth because they are conclusory and unsupported by factual allegations.  *See Iqbal*, 129 S. Ct. at 1949-50.  Where there are well-pleaded factual allegations, I will assume the veracity of those facts and then will determine whether they plausibly give rise to a valid claim for relief.  *See id.*

## III. Discussion

The plaintiff asserts that Performance Foods exposed her to unsafe working conditions in violation of West Virginia Code § 23-4-2(d)(2)(ii).  In West Virginia, the worker's compensation

statute immunizes an employer from liability for negligent injury of an employee.  W. Va. Code §
23-2-6.  This immunity can be overcome, however, if the plaintiff establishes that the employer
acted with "deliberate intention."  W. Va. Code § 23-4-2(d)(2).  The plaintiff can prove "deliberate
intention" by satisfying all of the following five elements:

> (A) That a specific unsafe working condition existed in the workplace which
> presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of
> the specific unsafe working condition and of the high degree of risk and the strong
> probability of serious injury or death presented by the specific unsafe working
> condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal
> safety statute, rule or regulation, . . . or of a commonly accepted and well-known
> safety standard within the industry or business of the employer . . . ;
>
> (D) That . . . the employer nevertheless intentionally thereafter exposed an employee
> to the specific unsafe working condition; and
>
> (E) That the employee exposed suffered serious compensable injury . . . .

W. Va. Code § 23-4-2(d)(2)(ii).

The Supreme Court of Appeals of West Virginia has cautioned that the second element
carries with it a high burden that cannot be satisfied by mere "speculation or conjecture."  *Mumaw
v. U.S. Silica Co.*, 204 W. Va. 6, 511 S.E.2d 117, 123 (W.Va. 1998).  Moreover, the second element
is not satisfied by a showing that the employer should have known of the specific unsafe working
condition.  *See id.*  Rather, the employer must have "actually possessed such knowledge." *Id.*  In
addition, in order to overcome a motion for summary judgment, the employer must "also realize[]
the high degree of risk and the strong probability of serious injury or death presented by [the]

-4-

specific unsafe working condition." *Ryan v. Clonch Indus., Inc.*, 219 W.Va. 664, 639 S.E.2d 756, 765 (W.Va. 2006) (internal quotation marks omitted) (internal citation omitted).

Performance Foods primarily relies on authorities describing what a plaintiff must prove to withstand summary judgment in arguing that the plaintiff did not plead that Performance Foods had actual knowledge of an unsafe working condition that posed the requisite degree of risk to employees and had the strong probability of causing serious injury or death.   Additionally, Performance Foods argues that because the plaintiff failed to allege a violation of a specific statute, rule, regulation or standard pertaining to the particular work or working condition, the claims should be dismissed.

The plaintiff's Complaint alleges that Ms. Fields was required by her employer to close and lock a defective door that violated OSHA and applicable safety codes and statutes, and that she was severely injured by the door.   Specifically, she alleges that she "was instructed by the restaurant manager, Jonathon Taylor, to lock a particular entrance/exit" and that "[t]his particular door was ... known to both Performance management and employees to be broken, unsafe and not functioning property."   (Compl. ¶ 9.)   According to the Complaint "the subject door had been improperly functioning for months prior to Plaintiff's [finger being amputated], and Performance management and other employees were aware of the malfunctioning and dangerous door."   (*Id.* ¶ 11.) Furthermore, the plaintiff alleges "these conditions violated approved safety standards and codes and/or OSHA standards due to the dangerous condition of the door at the workplace and lack of safety equipment which presented a high degree of risk and a strong probability of serious injury and death." (*Id.* ¶ 17A.)   Defendant Performance Foods "had actual knowledge of the existence of such

specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working conditions." (*Id.* ¶ 17B.)

Where the plaintiff fails to plead, "even in conclusory fashion," the elements of deliberate intention, the plaintiff fails to sufficiently state a plausible claim in light of *Twombly* and *Iqbal*. *See West v. Am. Elec. Power Co., Inc.*, 2010 WL 3910189, at *4 (S.D.W. Va. Oct. 4, 2010) (Goodwin, J.) (finding the allegations that plaintiff's injuries "were a result of the negligent, careless, wilfull, wanton and/or unlawful conduct of [the defendant]" insufficient to state a claim of deliberate intention). Furthermore, where the plaintiff has failed to plead sufficient facts for the court to "infer that the defendant had that actual knowledge ... required by this statute" then the plaintiff has also failed to state a plausible claim for relief. *See Piasecki v. Wal-Mart Stores East, LP.*, No. 2:08-cv-01302 [Docket 5] at *5 (S.D.W.Va. Feb. 20, 2009) (Goodwin, J.) (granting a motion to dismiss "[b]ecause the plaintiff has merely recited the required statutory elements without alleging *any* facts to support a reasonable inference that the defendant acted with the requisite mental state").

In this case, by contrast, the plaintiff has not simply recited the required statutory elements or made allegations completely devoid of facts. The plaintiff has alleged she was injured by a defective door, that her employer had actual knowledge that the door was dangerous, and that her employer had actual knowledge of the high degree of risk and the strong probability of serious injury or death. She also alleges that this door's condition and the lack of safety equipment violated the applicable OSHA standards and/or safety codes. These claims, taken as true, give rise to a plausible claim for relief under the deliberate intention statute. *See Mills v. Aetna Bldg. Maint., Inc.*, 2009 WL 3063450 (S.D.W. Va. 2009) (Copenhaver, J.) (finding that factually sparse pleadings still met the plausibility standard for a deliberate intent claim). Accordingly, the facts alleged satisfy this court

that, at the very least, there is a plausible cause of action, and the defendant's motion to dismiss is **DENIED**.

### IV. Conclusion

Based on the foregoing, the court **FINDS** the plaintiff has stated a claim upon which relief can be granted.  Accordingly, the court **DENIES** Performance Foods' Motion to Dismiss [Docket 4].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 25, 2011

Joseph R. Goodwin, Chief Judge